# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:06cv76

| | |
|---|---|
| PATRICIA E. SHOOK, | ) |
| Plaintiff, | ) ) ) |
| Vs. | ) ORDER ) |
| MARK WILLIAM SHOOK, individually and in his official capacity as Sheriff of Watauga County; WATAUGA COUNTY; and JOHN DOE SURETY, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**THIS MATTER** is before the court on plaintiff's Motion to Substitute Parties (#15). For cause, plaintiff states that at the time of the filing of the Complaint, she did not know the name of the surety that provided a bond for defendant. Having discovered the name of such surety since commencement of the action, plaintiff now moves under Rule 19, Federal Rules of Civil Procedure, to substitute Western Surety for the named John Doe Surety. Plaintiff states that counsel for defendant does not oppose this motion. Plaintiff has not supported her motion with a brief. See L.R. 7.2.

Rule 19, Federal Rules of Civil Procedure, does not govern the substitution of one party for a named party, but instead applies to joinder of parties needed for a just adjudication.

> The naming of "unknown police officers" in the original complaint does not save the pleading. Substituting a named defendant for a "John Doe" defendant is considered a change in parties, not a mere substitution of parties. Therefore, the requirements of Fed.R.Civ.P. 15(c) must be met in order for the amendment adding the named defendant to

-1-

relate back to the filing of the original complaint. In *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir.1993), the Second Circuit stated:

> It is familiar law that "John Doe" pleadings cannot be used to circumvent statutes of limitations, because replacing a "John Doe" with a named party in effect constitutes a change in the party sued. Such an amendment may only be accomplished when all of the specifications of Fed.R.Civ.P. 15(c) are met.

Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996). Citing such Sixth Circuit decision, the Court of Appeals for the Fourth Circuit held that "substitution of named parties for "John Doe" defendants does not constitute a mistake pursuant to Rule 15(c)(3)." Locklear v. Bergman & Beving AB, 457 F.3d 363, 367 (4th Cir. 2006). Inasmuch as Western Surety is not yet a party to this case, it would not be appropriate to determine whether the amendment of the Complaint proposed should relate back. It does, however, appear from the pleadings that Western Surety is necessary for a just adjudication. Thus, amendment of the Complaint bringing in Western Surety is necessary, with the issue of relation back under Rule 15(C) reserved for determination at a later date if raised.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) plaintiff's Motion to Substitute Parties (#15), deemed to be a Motion to Amend Complaint, is **ALLOWED**, and plaintiff is granted leave to file an Amended Complaint within 10 days;

(2) plaintiff shall serve such Amended Complaint and a summons upon such

Western Surety within 30 days, and such defendant shall have 20 days within which to Answer or otherwise respond to the Amended Complaint; and

(3) in the event Western Surety elects to Answer rather than move to dismiss, all counsel should file with the court a new CIAC or stipulate to proceeding under the present Pretrial Order.

Signed: December 5, 2006

Dennis L. Howell
United States Magistrate Judge